IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS MOLDEN-BEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-179-N-BN |
| LUPE VALDEZ, | § | |
| Dallas County Sheriff, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Marcus Molden, who was recently detained at the Dallas County Jail, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed without prejudice.

**Background**

On January 14, 2013, Petitioner filed what appears to be a pretrial writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he alleges that he is immune from arrest and prosecution because he is a member of the Moorish American National Republic. *See* Dkt. No. 3. However, Petitioner did not file his habeas petition on a court-approved form, pay the statutory filing fee, or properly seek leave to proceed *in forma pauperis*. By order dated January 17, 2013, the undersigned notified Petitioner of these deficiencies and warned that the case would be dismissed unless he filed a proper 2241 application and either paid the filing fee or filed a form motion to proceed *in forma pauperis* within 20 days. *See* Dkt. No. 4. Petitioner took no action in response

to that order. The undersigned then gave Petitioner another chance to cure both deficiencies. On February 21, 2013, the undersigned instructed Petitioner to file a proper habeas petition and either pay the filing fee or seek leave to proceed *in forma pauperis* on a court-approved form by March 14, 2013 and reminded Petitioner that the failure to do so "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." Dkt. No. 5. On March 4, 2013, the unopened envelope containing the order was returned to the clerk with the notation, "Return to Sender. Not in Dallas County Jail." Dkt. No. 6.

The undersigned now determines that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b).

## Legal standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Petitioner has not filed a proper habeas petition, paid the statutory filing fee, or sought leave to proceed *in forma pauperis* on a court-approved form. Until he does so, this litigation cannot proceed. Petitioner was notified of these deficiencies on two separate occasions and warned that the failure to file an amended petition and either pay the filing fee or file a form motion to proceed *in forma pauperis* would result in the dismissal of his case. *See* Dkt. Nos. 4 & 5. The first order was ignored, and the second order has been returned to the Court. Petitioner is no longer incarcerated at the Dallas County Jail and has not provided the Court with his current address. He has had no contact with the Court since he filed his petition on January 14, 2013. Under these circumstances, dismissal is warranted. *See Blair v. Quarterman*, No. 3:06-cv-2388-N, 2007 WL 867238, at *1 (N.D. Tex. Mar. 22, 2007) (dismissing habeas proceeding without prejudice after petitioner failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*); *see also Villa v. Valdez,* No. 3:06-cv-1482-G, 2006 WL 2913804, at *1 (N.D. Tex. Oct. 10, 2006) (dismissing *pro se* habeas application for failure to provide Court with current address); *Blackmon v. Texas Board of Pardons and Paroles,* No. 3:04-cv-1520-N, 2004 WL 1809746, at *1 (N.D. Tex. Aug. 12, 2004), *rec. adopted,* 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (same).

## Recommendation

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 20, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE